This is a bill to reform a deed for, or to impress a trust upon, certain lands and premises located in Franklin township, Bergen county, New Jersey, which had been formerly owned by Bertha Voorhis, the wife of Andrew E. Voorhis, the present complainant.
In October, 1909, Bertha Voorhis executed a quit-claim deed covering this property to Jennie M. Vanderhoof, who forthwith quit-claimed the property to Andrew E. Voorhis, the husband of Bertha Voorhis. The object of these conveyances was to transfer legal title from Bertha Voorhis to her husband, and Jennie M. Vanderhoof was simply used as the conduit for that purpose, which was a common method of accomplishing a conveyance of the legal title to real property from husband to wife, and, vice versa, in order to overcome the legal objection of a direct conveyance from one to the other which existed prior to the enabling statute now in effect in this state.
The husband, however, did not join in the execution of the quit-claim deed from Bertha Voorhis to Jennie Vanderhoof, and it is now contended by the defendants that the deed was therefore a nullity and did not operate to convey title, in view of the provision of the Married Women's act in this state, which requires a husband to join in the deed of his wife for real property, in order that it shall have validity; and as a result thereof, they argue Jennie Vanderhoof had no title to convey back to the husband by her deed to him, which was executed in the furtherance of the plan to transfer the title from the wife to the husband.
The property appears to have been held in this situation until 1924, when Bertha Voorhis died. She made no specific disposition of the property in question in her will, but ordered her executor to sell "my other real estate." The executor *Page 67 
now claims this property under the will of Bertha Voorhis, and the husband has filed a bill of complaint for relief, as above indicated.
The proofs disclose that prior to the execution of the quit-claim deeds referred to, in 1909, the premises in question were used and occupied by the complainant and his wife as a farm. The complainant purchased the farm implements and other equipment for use, and he also paid to his wife the sum of $1,000 in cash. In return for these expenditures and moneys paid the wife, she promised to make an absolute conveyance of the farm to the husband. It was in furtherance of that promise that the conveyances referred to were made in 1909.
The complainant contends that, admitting that the quitclaim deed of the wife to Jennie Vanderhoof was invalid at law because of his failure to join in it as provided by the statute, nevertheless, it was a valid and sustainable declaration of trust in his favor, based upon an adequate, valuable consideration, and effectively operated, in conjunction with the accompanying deed from Jennie Vanderhoof to him to create a constructive trust for his benefit, and to vest in him the equitable title to the lands which he is now entitled to have established as the legal title thereto by the decree of this court.
In Cowdrey v. Cowdrey, 71 N.J. Eq. 353, Vice-Chancellor Pitney reviewed the authorities in his usual able manner, and held, under circumstances almost precisely similar to the present situation, that relief of the same character as here prayed for should be granted upon the strength of a written memorandum, much more informal and incomplete than the instruments and proofs, which in the present case indicate the intention of Bertha Voorhis to vest legal title to the premises in question in her husband, the present complainant. See, also, Goodell v.Monroe, 87 N.J. Eq. 328, and cases cited.
Under these circumstances, it does not seem to be necessary to reform the deed, and I will advise a decree impressing a trust upon the lands in question in favor of the complainant. *Page 68